IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PABLO STAR LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE WELSH GOVERNMENT, *et al.*, <br><br> Defendants. | Civil Action No. 15-CV-1167 |

### DECLARATION OF RICHARD J. OPARIL

I, Richard J. Oparil, declare as follows:

1. I have personal knowledge of the facts stated herein and if called upon to do so, I could truthfully and competently testify thereto.

2. I am a partner with the law firm of Porzio, Bromberg & Newman P.C.. I am a member of the District of Columbia and New York Bars and the Bar of this Court. I represent some of the named defendants in this case, Welsh Government; Gracenote (d/b/a Tribune Media Service); the Pittsburgh Post-Gazette; E.W. Scripps, Co.; Richmond Times Dispatch; and Miami Herald Media Co. (collectively "Defendants").

3. A search of the website of the Secretary of State of the State of New York I conducted on April 23, 2015 reveled that Pablo Star is not registered to do business in New York. Ex. 4 to the Memorandum in Support is a true and correct copy of the results of my search.

4. The complaint admits in ¶ 12 that the Welsh Government is the "devolved Government of Wales." In the United Kingdom, devolution refers to the statutory granting of certain limited powers from the Parliament and Government of the United Kingdom to the National Assembly for Wales and to the executive body, the Welsh Government. Legislation

creating devolved governments and legislatures can be repealed or amended by the UK Parliament in the same way as any statute. *See* U.K. Government of Wales Act 2006 (available at http://www.legislation.gov.uk/ukpga/2006/32/contents). A report of the Commission on Devolution in Wales explained that:

> Within the United Kingdom, the UK Parliament is sovereign and because of this the National Assembly (like the Scottish Parliament and Northern Ireland Assembly) is a subordinate body. This means that the UK Parliament can legislate on any area it wishes, whether it is devolved or not. However, a convention has arisen whereby the UK Parliament seeks the consent of the National Assembly before legislating in a devolved area. The UK Parliament does not have to abide by any decision of the National Assembly not to give consent, but can legislate regardless.
>
> The legislation that created the National Assembly and Welsh Government (and all other devolved administrations), like all other legislation, can be repealed or amended by the UK Parliament.

Ex. 12 ¶ 2.2.21-.22 (Mar. 2014); see also Commission on Devolution in Wales, *The Current Welsh Devolution Settlement* (Ex. 13).

5. Plaintiff Pablo Star Ltd. ("Pablo Star") is alleged to be a company organized and registered under the laws of the United Kingdom and Ireland. Complaint ¶ 1. On February 18, 2014, however, Pablo Star had been dissolved. Ex. 5. The Court should take judicial notice of the document pursuant to FRE 201(b).

6. In discussions with representatives of the Welsh Government, Haydn Price ("Price") represented that he was a managing director of Pablo Star and a managing director of Pablo Star Media Ltd. ("Pablo Media"). As part of those discussions, Price provided a redacted copy of a Trademark and Copyright Purchase and Assignment Agreement between Pablo Star and Pablo Media, dated May 21, 2014 ("Assignment"). A true and correct copy of the Assignment provided to the Welsh Government is attached to the Memorandum as Ex. 6. The Court should take judicial notice of the document pursuant to FRE 201(b).

7. The Assignment provides, among other things, that Pablo Star was the registered owner of the copyrights to two photographs of Dylan Thomas and his wife, "Just Married" and "Penrad" (U.S. Registration Nos. VA0001134367 and VA0001864304). The Assignment assigns those alleged copyrights from Pablo Star to Pablo Media. It also assigned the right to sue for past, present and future infringement of the copyrights. The Assignment goes on to provide that it would not affect Pablo Star's potential action against certain parties, the names of which are redacted.

8. Price applied to a court in the United Kingdom to restore Pablo Star's registration. On or about June 13, 2014, the U.K. High Court of Justice, Companies Court granted Price's request and restored the company's registration. A true and correct copy of that Order is attached to the Memorandum as Ex. 7. The Court should take judicial notice of the document pursuant to FRE 201(b).

9. The Order, however, was subject to certain conditions, including the following:

(A) the company will not carry on business or operate in any way other than to take the necessary steps to,

    (i) pursue claims against
        (a) New Directions Publishing Inc.
        (b) Vistwales com and
        (c) Nancy Galbraith
seeking damages for alleged breach of copyright referred to in paragraph 9 of the Witness Statement of Haydn Price dated the 2 April 1014

    (ii) receive the proceeds of any awards of the Court arising from those claims
    (iii) settle its debts to its existing creditors (if any)
    (iv) distribute the remaining proceeds of any awards of the Court (the actions) according to law[.]

10. On June 13, 2014, Price and the Treasury Solicitor representing the Registrar of Companies expressly consented to the terms of the Order. Ex. 6.

11. In 2014, Pablo Media initiated three cases in the Dublin Metropolitan District Court, Ireland, against PG Publishing Co. Inc. (the Pittsburgh Post-Gazette), E.W. Scripps Co. and Tribune Media Services. In each case, Pablo Media sought damages for copyright infringement as the alleged owner of the "Just Married" photograph. True and correct copy of the three claim notices filed with the Irish Court are attached to the Memorandum as Exs. 8-10. The Court should take judicial notice of these documents pursuant to FRE 201(b).

12. Pablo Star is not the owner of the copyrights at issue and has sued defendants in this case contrary to the conditions imposed by the U.K., which Price agreed to.

13. Pablo Star's return of service states that it served the Welsh Government pursuant to the method of service prescribed in the "Wales' Crown Proceedings Act 1947" (Dkt. No. 3). However, there is no such statute. There is a U.K. Crown Proceedings Act 1947 (available at http://www.legislation.gov.uk/ukpga/Geo6/10-11/44?view=plain). But in any event, Pablo Star was required to serve the Government by the methods set forth in the FSIA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 27, 2015

_____
Richard J. Oparil