UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PABLO STAR LTD., *et al.*,          :
                       Plaintiffs,   :
                                        :       15-CV-1167 (JPO)
        -v-           :
                                        :       <u>OPINION AND ORDER</u>
THE WELSH GOVERNMENT, *et al.*,     :
                       Defendants.   :
----------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       By an Opinion and Order dated March 16, 2016, this Court dismissed all claims against Defendant the Welsh Government for improper service and improper venue. (Dkt. No. 53.) Plaintiffs, Pablo Star Ltd. and Pablo Star Media Ltd. ("Plaintiffs"), move for reconsideration of the Court's holding that venue is improper. Familiarity with the facts and procedural history of this case is presumed.

       "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted). To prevail, the movant must demonstrate: (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013) (Oetken, J.) (citation omitted); *see also Cioce v. Cty. of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003))). New evidence, for these purposes, is "evidence that was 'truly newly discovered or could not have been found by due diligence.'" *Space Hunters,*

*Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)); *see Tubo v. Orange Reg'l Med. Ctr.*, No. 13-CV-1495, 2016 WL 452158, at *1 (S.D.N.Y. Feb. 3, 2016); *Bank Leumi Trust Co. of New York v. Istim, Inc.*, 902 F. Supp. 46, 48-49 (S.D.N.Y. 1995) (failure to procure evidence prior to reconsideration "does not establish that the [evidence] could not have been found by due diligence." (quoting *Keogh Corp. v. Howard, Weill, Labouisse, Friedrichs, Inc.*, No. 88-CV-8447, 1993 WL 337981, at *1 (S.D.N.Y. Aug. 31, 1993))).

Plaintiffs contend that the Court "erred in finding venue improper as to the Welsh Government" for two reasons. (Dkt. No. 58 at 3.) First, Plaintiffs argue that the copyright-specific venue provision in 28 USC § 1400(a) rather than, as the Court held, the venue provision of the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. § 1391(f), controls whether the Welsh Government is subject to venue here. This argument is novel in two respects: Plaintiffs did not make it—or even cite the copyright venue provision—in their opposition to the motion to dismiss; and Plaintiffs admit that they can find no authority for it. (*See* Dkt. No. 45 at 20-21; Dkt. No. 58 at 5.)

In any event, the argument is unpersuasive. Congress decided "to deal comprehensively with the subject of foreign sovereign immunity in the FSIA," *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 438 (1989), and the express provisions of Section 1391(f) prescribe the circumstances under which a "civil action against a foreign state . . . may be brought" in a given judicial district, 28 U.S.C. § 1391(f). Plaintiffs argue that, in copyright cases against a foreign sovereign, this provision is displaced by the general copyright venue provision because Section 1391 states that it applies "[e]xcept as otherwise provided by law" and, in this case, the copyright venue provision "otherwise provide[s]" the rules governing venue in copyright cases. 28 U.S.C. § 1391(a). Just as "the text and structure of the FSIA demonstrate

Congress' intention that the FSIA be the sole basis for obtaining jurisdiction over a foreign state in our courts," *Argentine Republic*, 488 U.S. at 434, it is difficult to accept that Congress intended the FSIA's venue provision to govern only where federal law does not provide an otherwise applicable subject-specific venue provision. Because Plaintiffs' reading of the FSIA does not accord with Congress's likely intent, and they have pointed to no authority that would persuade or compel the Court to adopt their construction, the Court concludes that Section 1391(f) controls whether the Welsh Government is subject to venue in this judicial district.

Next, Plaintiffs argue that venue is proper even if Section 1391(f) applies because "Plaintiffs' [Complaint] adequately alleges 'substantial' conduct by the Welsh Government in this District that is material to Plaintiffs' claims." (Dkt. No. 58 at 8.) As relevant here, Section 1391(f) provides that a civil action against a foreign state may be brought "in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(f)(1). As the Second Circuit has noted, the Court must "take seriously the adjective 'substantial.'" *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 357 (2d Cir. 2005) (interpreting the identical provision of 28 U.S.C. § 1391(b)(2)); *see Comm'ns Import Export S.A. v. Republic of the Congo*, No. 11-CV-6176, 2012 WL 1468486, at *2 (S.D.N.Y. Apr. 27, 2012) (applying *Gulf* in the context of 28 U.S.C. § 1391(f)). "That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf*, 417 F.3d at 357 (emphasis in original).

In granting dismissal, the Court determined that venue is improper because there is no basis on which to conclude that "a substantial part of the events giving rise to this claim occurred in New York." (Dkt. No. 53 at 16.) Rather, "[c]onclusory statements aside, Plaintiffs ha[d] not alleged that *any* of the specific conduct at issue occurred in this district, let alone a 'substantial

3

part' of it." (*Id.*)  The Court sees no reason to disturb its conclusion that Plaintiffs' evidence and allegations were inadequate at the time the Court issued its March 16, 2016 Opinion.

For the first time on this motion for reconsideration, Plaintiffs offer evidence that the Welsh Government may have maintained physical copies of infringing materials in New York in the form of a "Welsh in America" exhibition.  (Dkt. No. 58 at 10.)  Plaintiffs argue that these materials are "newly discovered evidence" that should motivate reconsideration.  (*Id.* at 10 n.2.)  Not so.  First, Plaintiffs may have "scour[ed] the internet to try and unilaterally locate proof of the Welsh Government's conduct" (*id.*), but they have not offered any reason why the evidence offered "could not have been found by due diligence" prior to this motion for reconsideration.  *See Space Hunters*, 500 F. App'x at 81 (quoting *Potamkin*, 697 F.2d at 493).  If all that stood between Plaintiffs and this evidence was a bit of internet sleuthing, it can hardly be said that the evidence was unavailable.  Accordingly, the Court declines to consider Plaintiffs' untimely submission in support of its motion for reconsideration.

Moreover, even if the Court were to consider Plaintiffs' new evidence, it would still conclude that Plaintiffs have failed to demonstrate that "a *substantial* part of the events . . . giving rise to the claim occurred" in this district.  28 U.S.C. 1391(f)(1).  At best, the new evidence suggests that physical copies of the "Welsh in America" exhibition were maintained in New York, but it does not show that those materials were ever exhibited in, or distributed from, this district.  Because it must "take seriously the adjective 'substantial,'" *Gulf,* 417 F.3d at 357, and the gravamen of Plaintiffs' claims for which any evidence has been presented still concerns online materials, venue in this district remains improper.

Having reviewed the record and the parties' memoranda of law, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record. Plaintiffs' motion to reconsider is therefore DENIED.

The Clerk of the Court is directed to close the motion at docket number 57.

SO ORDERED.

Dated: May 11, 2016
       New York, New York

                                                J. PAUL OETKEN
                                                United States District Judge