UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PABLO STAR LTD., *et al.*,

                                Plaintiffs,

                                  -v-

TRIBUNE CONTENT AGENCY, LLC,

                                Defendant.

15-CV-1167 (JPO)

<u>OPINION AND ORDER</u>

---

J. PAUL OETKEN, District Judge:

On March 16, 2016, this Court issued an Opinion and Order dismissing all claims against Defendant the Welsh Government for improper service and improper venue. (Dkt. No. 53.) On May 11, 2016, this Court denied Plaintiffs' motion to reconsider that Order. (Dkt. No. 65.) The sole remaining defendant, Tribune Content Agency, LLC ("TCA"), moves to stay the case pending the outcome of proceedings in the United Kingdom Companies Court. (Dkt. No. 70.) Plaintiffs Pablo Star Ltd. ("PSL") and Pablo Star Media Ltd. ("PSML") (collectively "Plaintiffs"), move for leave to amend their Complaint to remedy problems with venue identified in the Court's Order of March 16, 2016. (Dkt. No. 75.)

**I.     Background**

Familiarity with the facts and procedural history of this case is presumed. As relevant here, Plaintiffs are companies organized under the law of England and Wales. (Dkt. No. 50-1; Dkt. No. 50-2.) In its motion to stay, TCA represents that, pursuant to Section 1003 of the U.K. Companies Act 2006,[1] the U.K. Companies Court dissolved PSL on February 18, 2014. (Dkt. No. 71 at 2 (citing Dkt. No. 72, Ex. 1, Ex. 2 ¶¶ 7-8, & Ex. 3 ¶ 8).) The effect of this dissolution

---

[1] Available at http://www.legislation.gov.uk/ukpga/2006/46/contents.

is that PSL's assets, including its rights in the intellectual property at issue here, are "vested in the Crown as *bona vacantia* from 18 February 2014." (*Id.* (citing Dkt. No. 72, Ex. 3 ¶ 8).)

On April 2, 2014, PSL's sole director filed a Witness Statement seeking to restore PSL to the Register of Companies under section 1029 of the U.K. Companies Act 2006, which would allow PSL to "pursue specific litigation for damages (for previous breach of copyright which has now come to light) and which is actionable by the Company alone and with a good chance of success." (Dkt. No. 72, Ex. 2 ¶ 9.) The U.K. Treasury Solicitor's Department did not object to the restoration of PSL. (*Id.*, Ex. 4) And on June 12, 2014, the U.K. Companies Court restored PSL to the Register of Companies. (Dkt. No. 72, Ex. 6.) However, PSL was prohibited from "carry[ing] on business or operat[ing] in any way other than to take the necessary steps to pursue claims . . . seeking damages for alleged breach of copyright referred to in paragraph 9 of the Witness Statement." (*Id.*)

On November 11, 2015, the Welsh Government sought to join the U.K. Companies Court proceedings to challenge the restoration of PSL to the Register of Companies, among other things. (Dkt. No. 72, Ex. 3.) In particular, the Welsh Government argues that PSL misled the U.K. Companies Court in its Witness Statement that led to the restoration of the company. (*Id.* ¶ 15.) On March 2, 2016, the U.K. Companies Court granted the Welsh Government's joinder request. (Dkt. No. 72, Ex. 10.) The U.K. Companies Court set a hearing on the Welsh Government's application challenging the restoration order. (Dkt. No. 72 ¶ 15.)

On March 22, 2016, PSL filed a notice of appeal of the U.K. Companies Court's ruling on joinder. (Dkt. No. 72, Ex. 11.) This appeal was successful, as on October 25, 2016, the High Court of Justice reversed the earlier joinder decision of the U.K. Companies Court. (Dkt. No. 83, Ex. 1.) On November 11, 2016, the Welsh Government filed a notice of appeal and grounds for the appeal of the decision in the Court of Appeal. (Dkt. No. 84, Exs. 1-2.)

**II.     Discussion**

"The Court has the inherent power to dismiss or stay an action pending the resolution of a related foreign proceeding." *Aerotel, Ltd. v. IDT Corp.*, 486 F. Supp. 2d 277, 283 (S.D.N.Y. 2007). Such discretion, however, is informed by the general rule that "federal courts are reluctant to decline to exercise jurisdiction given to them." *Caspian Inv. Ltd. v. Vicom Holdings, Ltd.,* 770 F. Supp. 880, 884 (S.D.N.Y. 1991) (*citing Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)).

In considering whether to stay a case in favor of a lawsuit pending in a foreign jurisdiction, courts consider "general concerns of international comity, including whether a disposition in the alternative forum would be given effect by this Court and the relative interests of the two countries; promotion of judicial efficiency, including whether the two actions have parties and issues in common and the possibility of prompt resolution; and considerations of fairness to all parties and possible prejudice to any of them, including the order in which the suits were filed and issues of convenience." *Aerotel*, 486 F. Supp. 2d at 283 (citing *Caspian*, 770 F. Supp. at 884).

Here, the foreign proceedings concern whether the order restoring PSL to the Register of Companies (which restored PSL's ownership interest in—and ability to prosecute—the copyrights at issue in this case), should be have been granted. The outcome of those proceedings may require that the copyright at issue in litigation in this Court again be vested in the Crown. This outcome would dispose of this case because it would divest Plaintiffs of its exclusive right of ownership in and right to sue under the copyrights. *See Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 32 (2d Cir. 1982) (noting that only "(1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights" have standing to sue for copyright infringement (citing 17 U.S.C. § 501(b))).

Given the potentially case-dispositive outcome of the foreign proceedings, interests of judicial efficiency favor a stay of the case. Furthermore, the foreign proceedings were commenced *before* the action in this Court, and Plaintiffs have not articulated any prejudice or unfairness that may result from a stay in this action. All these factors counsel for a stay of this litigation.

### III. Conclusion

For the foregoing reasons, TCA's motion for a stay is GRANTED, and this action is hereby STAYED.

Plaintiffs' motion for leave to amend is hereby DENIED WITHOUT PREJUDICE to renewal, which Plaintiffs may do by filing a letter after the foreign proceedings are final.

The parties are further directed to file a status update with the Court by June 1, 2017, or within thirty days of any final ruling in the foreign proceedings, whichever is earlier.

The Clerk of Court is directed to close the motions at Docket Numbers 70 and 73.

SO ORDERED.

Dated: March 7, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge