# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PABLO STAR LTD.; PABLO STAR MEDIA LTD., | Case No. 15-cv-1167 (JPO) |
| *Plaintiffs*, | Hon. J. Paul Oetken |
| v. | ECF Case<br>Electronically Filed |
| THE WELSH GOVERNMENT, | |
| *Defendant*. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

McCulloch Kleinman Law
Kevin P. McCulloch
Nathaniel Kleinman
501 Fifth Avenue, Suite 1809
New York, NY 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com

*Attorneys for Plaintiffs*

Plaintiffs Pablo Star Ltd. and Pablo Star Media Ltd. (collectively "Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Counterclaims filed by Defendant The Welsh Government ("Defendant") pursuant to Federal Rules of Civil Procedure 12(b)(1)-(3) and 12(b)(6).

Defendant has asserted a Counterclaim pursuant to New York C.P.L.R. § 5301(b), the Foreign Country Money Judgments Recognition Act, to recognize and enforce a judgment of costs entered against one of the Plaintiffs in this case. Defendant's Counterclaim is not part of the same "case or controversy" as Plaintiffs' underlying claim of copyright infringement, nor has Defendant sufficiently pled a jurisdictional basis for the Counterclaim. Thus, the Counterclaims should be dismissed.

## ARGUMENT

### I.    GOVERNING STANDARDS OF REVIEW.

Counterclaims are subject to the same standard of review as the underlying claims at the motion to dismiss stage. *See S & R Dev. Estates, LLC v. Town of Greenburgh, New* York, 336 F. Supp. 3d 300, 307 (S.D.N.Y. 2018). To survive a motion to dismiss pursuant to Rule 12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc*., 426 F.3d 635, 638 (2d Cir. 2005).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," however, the Court is not

required to accept as true "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     THE COURT LACKS JURISDICTION TO HEAR THE COUNTERCLAIMS.

Defendant alleges, in conclusory fashion, that "[t]his Court has subject matter jurisdiction over this compulsory counterclaim pursuant to 28 U.S.C. § 1367."  (Counterclaim at ¶ 5.)  Even a cursory review of the facts demonstrates that this assertion is incorrect as a matter of law, given that the judgment Defendant seeks to have recognized in New York was originally obtained by a non-party to this lawsuit and resulting from a defamation case that was dismissed and costs were taxed.

"Under the Supreme Court's classic formulation, counterclaims raising issues of state law are part of the 'same case or controversy' where they share a 'common nucleus of operative fact' with the plaintiff's underlying claim." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Such a nucleus of facts is "established where either the 'facts underlying the federal and state claims substantially overlap or where presentation of the federal claim necessarily brings the facts underlying the state claim before the court.'" *Stefanovic v. Old Heidelberg Corp.*, No. 18 Civ. 2093 (LTS) (KNF), 2019 WL 3745657, at *2 (S.D.N.Y. Aug. 8, 2019) (quoting *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)).

Here, the operative facts underlying Defendant's counterclaim are that a non-party to this action, Gwen Watkins, obtained a judgment for costs against one of the Plaintiffs in this action as a result of a defamation action filed in Ireland, and Watkins then assigned that judgment to Defendant.  (*See* Counterclaims ¶¶ 10, 12, 14-15.)  Those facts have nothing to do with Plaintiffs' underlying claims of copyright infringement against Defendant for the unauthorized use of two photographs, and the presentation of the federal claims does not necessarily bring those facts

before the Court.  Because the Counterclaims do not share a "common nucleus of operative facts" with Plaintiff's infringement claims, the Court cannot exercise supplemental jurisdiction and the Counterclaims must be dismissed.[1]  *See LaChapelle v. Torres*, 37 F. Supp. 3d 672, 682 (S.D.N.Y. 2014) (noting that "the Court must dismiss all claims that do not share a common nucleus of operative fact with Plaintiff's federal claims, regardless of whether they are pled as a claim, counterclaim, crossclaim, cross-counterclaim or setoff.").

Defendants also allege that "[p]ersonal jurisdiction over Pablo Star exists in this state in that it sued the Welsh Government and other defendants here."  (Counterclaim ¶ 6.)  That is not a sufficient basis for asserting personal jurisdiction.  *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) (holding that "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").  Plaintiffs filed suit in this District because <u>that is where the infringement of their copyrights occurred</u>.  But that fact alone does not create the "minimum contacts" with the state necessary for purposes of due process.  *See id*. at 286 ("Due process requires that defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); *Andros Compania Maritima, S.A. v. Intertanker Ltd*., 714 F. Supp. 669, 675 (S.D.N.Y. 1989) (holding lawsuits filed in the forum are not sufficient to establish a party is "doing business" there for purposes of general personal jurisdiction).

---

[1] Defendant also cannot assert an independent basis for jurisdiction given that there is no federal question at issue, and the amount in controversy with respect to the cost judgment is well below the $75,000 threshold for purposes of diversity jurisdiction.

The fact that Plaintiffs originally purchased the copyrights to the photographs at issue from Ms. Watkins (*see* Counterclaim ¶ 8) is not relevant to the issue of whether an unrelated costs judgment can be recognized as a counterclaim in this case.  That is a tenuous link at best involving a separate, tangential dispute with a non-party to this action.  Indeed, the claims at issue here involve infringements committed several years before the acts giving rise to the cost judgment and subsequent assignment to Defendant in April 2020.  Defendant cannot manufacture supplemental jurisdiction by purchasing judgments *ex post facto* and inserting itself into unrelated disputes, and then use that artificial involvement to bootstrap supplemental jurisdiction.  To the extent there is any relationship between the claims, it is predicated on a subsequent dispute involving a potential third-party witness and not Defendant.

## III.   DEFENDANT FAILS TO ADEQUATELY PLEAD THAT VENUE IS PROPER.

Defendant also alleges, again in conclusory fashion, that "[v]enue in this District is proper under 28 U.S.C. § 1391(b)."  (Counterclaim at ¶ 7.)  Section 1391(b) provides, in relevant part, that venue is proper in (1) a judicial district in which any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought, any district in which the defendant is subject to personal jurisdiction.  28 U.S.C. § 1391(b).

Plaintiffs do not reside in this District.  (*See* Counterclaim ¶ 4.)  None of the events giving rise to Defendant's Counterclaim occurred here.  And as discussed above, Plaintiffs are not subject to personal jurisdiction in New York solely by having filed a claim against Defendant in this Court. Thus, Defendant fails to plead facts sufficient to show that venue is proper.

Moreover, the assignment Defendant relies on in bringing its Counterclaim includes a choice of law and forum selection clause stating that "the parties submit and agree to the exclusive

jurisdiction of the courts of England and Wales to settle any dispute that arises out of or in connection with this Assignment."  (Counterclaim Ex. 5.)  The fact that Plaintiffs are not a party to the assignment agreement does not preclude their invoking the forum selection clause.  *See Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 328 (S.D.N.Y. 2008) ("A non-party to a contract may invoke a contractual forum selection clause if the non-party is 'closely related' to one of the signatories to the contract such that 'the non-party's enforcement of the . . . clause is foreseeable by virtue of the relationship between the signatory and the party to be bound.'") (quoting *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, No. 99 Civ. 10550(SHS), 2000 WL 1277597, at *3 (S.D.N.Y. Sept. 7, 2000)).  Plaintiffs are undoubtedly "closely related" to the parties given that they are explicitly named in the assignment and the judgment assigned is against them.  Thus, it was entirely foreseeable that Plaintiffs would invoke this clause and Defendant should be bound by it.  *Id.*

Lastly, even assuming *arguendo* that jurisdiction and venue were proper, the Court should dismiss Defendant's Counterclaim under the doctrine of *forum non conveniens*.  Plaintiffs' infringement claims have been pending – and are just getting started now – after nearly six years of litigation.  Defendant has now purchased an entirely unrelated costs judgment from a non-party and is attempting to insert that issue into this case, in a transparent effort to offset the value of Plaintiffs' claims.  Plaintiffs do not reside in this forum and have no other contacts here besides this lawsuit – and Defendant does not allege otherwise.  Defendants also do not plead that Plaintiffs have any assets in this District that could even be subject to the judgment they seek to have recognized.  The Counterclaim is simply an attempt to muddy this case further and needlessly multiply the proceedings.  The Court should not accept Defendant's invitation to do so.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Dismiss the Counterclaim should be GRANTED.


Dated: New York, New York
       March 4, 2021

/s/Kevin P McCulloch
Kevin P. McCulloch
Nate A. Kleinman
McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, NY 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com

*Attorneys for Plaintiffs*